# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| MIKA O'TOOLE<br>Administrator of the Estate of TYLER JAMES O'TOOLE deceased<br>4749 Fenwick Avenue<br>Cleveland, OH 44102<br><br>                Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br>c/o Michelle M. Baeppler<br>First Assistant U.S. Attorney for the Northern District of Ohio<br>Office of the United States Attorney<br>Carl B. Stokes United States Courthouse<br>801 West Superior Avenue, Suite 400<br>Cleveland, OH 44113<br><br>and<br><br>THE UNITED STATES OF AMERICA<br>c/o Attorney General Merrick B. Garland<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530<br><br>                Defendants. | CASE NO.:<br><br>JUDGE:<br><br><br>**COMPLAINT FOR MONETARY DAMAGES, MEDICAL MALPRACTICE, NEGLIGENCE, WRONGFUL DEATH, AND SURVIVAL, PURSUANT TO THE FEDERAL TORT CLAIMS ACT AND ILLINOIS LAW** |

Plaintiff Mika O'Toole, by and through her attorneys, files the following Complaint against the above-named Defendant and for her cause of action, states and avers as follows:

## INTRODUCTION

1. Plaintiff Mika O'Toole ("Plaintiff") is the duly appointed Administrator and personal representative of the Estate of Tyler James O'Toole ("Decedent") (*See Estate of Tyler James O'Toole*

Case No. 2021 EST 261809, Probate Court of Cuyahoga County, Ohio)[1], and brings this Complaint pursuant to, among other things, the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* and 28 U.S.C. § 1346(b)(1), seeking compensatory damages for negligence, medical negligence, wrongful death and survival pursuant to the State of Illinois' Wrongful Death Statute, 740 ILCS 180 *et seq.*, and Illinois Survival Statute, for the suffering of Decedent and for the benefit of Decedent's heirs, beneficiaries, and next of kin, who have suffered a loss of support, services, attention, and guidance, and who have endured mental anguish and have been otherwise damaged by the wrongful and untimely death of Decedent in connection with medical care provided and/or failed to be provided to decedent by the United States Bureau of Prisons and/or the United States Marshalls and employees of the United States of America working in the course and scope of their employment.

2.  This is an action against Defendants The United States of America and employees of the United States of America working in the course and scope of their employment, brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* and 28 U.S.C. § 1346(b)(1), seeking compensatory damages for negligence, medical negligence, wrongful death and survival in connection with the negligence and medical care provided and/or failed to be provided to decedent by the United States of America and its agencies the Bureau of Prisons and the United States Marshalls.

3.  This action seeks monetary damages for personal injuries caused by the negligent acts and/or omissions of employees of the United States Government, employees acting within the scope of their employment, under circumstances in which the United States would be liable under the laws of the State of Illinois including negligence, medical malpractice, wrongful death, and survival if it were a private person.

---

[1] See letters of authority attached hereto and incorporated herein as "Exhibit A."

4. In compliance with 26 U.S.C. § 2675 and 28 C.F.R. § 14.2, Plaintiff timely served notice of her claim on the Bureau of Prisons, and it was received by the Bureau of Prisons, less than two years after the incident forming the basis of this suit, by filing a Standard Form 95. The Bureau of Prisons denied the claim on March 25, 2022, giving Plaintiff unit September 25, 2022, to file this Complaint. See denial letter attached hereto as "Exhibit B."

## FTCA CLAIM

5. All of the statements and averments in the preceding Paragraphs 1-4 are hereby incorporated by reference as if fully rewritten herein.

6. On or about September 17, 2021, the Bureau of Prison's sent Plaintiff a letter informing Plaintiff the Department received Decendent's tort claim (described in Paragraph 4, *supra*) on or about September 17, 2021.

7. Decedent did not receive a denial of the claim until September 25, 2022. See "Exhibit A."

8. Pursuant to the above, this action was timely filed pursuant to 28 U.S.C. § 2675(a) and 28 U.S.C. § 2401(b), in that Decedent filed this action within six months after the date of the denial of Decedent's administrative claim by the Bureau of Prisons.

## JURISDICTION AND VENUE

9. This Court possesses proper subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1346(b)(1), as this action is brought against Defendant The United States of America under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.*, for damages caused by employees and/or agents of the United States acting within the scope of their employment and/or agency.

10. This Court possesses proper personal jurisdiction over the parties named herein.

11. Pursuant to 28 U.S.C. § 1402, venue is proper in the Northern District of Ohio, Eastern Division, because it is the judicial district where Plaintiff resides.

## THE PARTIES

12. All of the statements and averments in the preceding Paragraphs 1-11 are hereby incorporated by reference as if fully rewritten herein.

13. At all times relevant herein, Plaintiff and Decedent were residents of the City of Cleveland in the State of Ohio, within the boundaries of the Northern District of Ohio.

14. Decedent was only 23 years old and suffered from autism and other disabilities at the time of his death. He was being housed in the Metropolitan Correctional Center located at 71 W. Van Buren Street; Chicago, Illinois (hereinafter "MCC") on allegations of non-violent robbery and for psychiatric evaluation. He never had any allegations of criminal conduct or criminal conduct prior to this time but he had clear mental and developmental problems. While at MCC he attempted suicide several times and his risk of suicide was well known to Defendant the United States of America.

15. At all times relevant herein, Defendant The United States of America, through its administrative agency, the Bureau of Prisons, owned, operated, and controlled the Metropolitan Correctional Center located at 71 W. Van Buren Street; Chicago, Illinois (hereinafter "MCC") where Decedent was housed as a pre-trial detainee and was seen and/or treated for medical diagnosis and treatment including the serious condition of attempted suicide and suicidal ideation.

16. Defendant The United States of America, its administrative agencies the Bureau of Prisons and the U.S. Marshalls, the Metropolitan Correctional Center, all of its directors, officers, operators, administrators, employees, staff, and agents are hereinafter collectively referred to as "Defendant."

17. At all times relevant herein, Defendant were responsible for and held themselves out to pre-trial detainees, including Plaintiff and decedent, as a provider of high-quality health care services possessing the necessary expertise to maintain the health and safety of detainees.

18. At all times relevant herein, the directors, officers, operators, administrators, employees, staff, and/or agents of the facilities were Decedent sought medical diagnosis and treatment were employed by and/or were agents of Defendants and were acting within the course and scope of their employment by and/or agency with Defendants, such that Defendant The United States of America is responsible for their negligent acts pursuant to the doctrine of *respondeat superior*.

19. At all times relevant herein, the directors, officers, operators, administrators, employees, staff, and/or agents of the Defendant were employed by and/or were agents of Defendant and were acting within the course and scope of their employment by and/or agency with Defendant, such that Defendant The United States of America is liable for their negligent acts and/or omissions, and any damages stemming therefrom, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq*.

## ALLEGATIONS OF FACT

20. All of the statements and averments in the preceding Paragraphs 1-19 are hereby incorporated by reference as if fully written herein.

21. Decedent was in the complete custody and control of Defendants, and they were responsible for his medical care and treatment including psychiatric care. They had a duty to provide psychiatric care and to prevent his suicide.

22. Defendants knew that Decedent had mental disabilities including autism and knew that he was a suicide risk because he had attempted suicide at least 4 times, while in their custody, prior to his eventual successful suicide on February 14, 2021.

23. Despite Defendants knowing of Decedent's mental disabilities and previous attempted suicides while in their custody and control they failed to provide the correct psychiatric and/or medical care and failed to provide the correct confinement and monitoring of Decedent. This was negligent and below the standard of care and the proximate cause of Decedent's death.

24. Due to Defendants negligence and breaches of the standard of care decedent was allowed and/or given access to a sheet with which to hang himself.

25. Due to Defendants negligence and breaches of the standard of care Decedent was not monitored in sufficient intervals.

26. On February 14, 2021, due to the negligence and breach of standard of care of Defendants, Decedent was allowed access to a bed sheet and was not monitored and was denied the proper psychiatric care and hung himself. Decedent was hanging for at least a half hour before anyone from the MCC found him. No one from the MCC cut him down. This was negligent and below the standard of care and the proximate cause of Decedent's death. Decedent was eventually cut down by EMS personnel and taken to the hospital where he died on February 17, 2021.

27. Decedent died on February 17, 2021, due to suicide and a result of the negligence and breach of the standard of care of Defendants. He has suffered a wrongful death and had to endure pain and suffering prior to his death. Plaintiff is entitled to bring a wrongful death and survival claim pursuant to the State of Illinois's Wrongful Death Statute, and Illinois Survival Statute, for the suffering of Decedent and for the benefit of Decedent's heirs, beneficiaries, and next of kin, who have suffered a loss of support, services, attention, and guidance, and who have endured mental anguish and have been otherwise damaged by the wrongful and untimely death of Decedent

28. Defendants, by themselves and/or by and through their employees and/or agents, were negligent and breached the standard of care in rendering medical care and treatment to Decedent, because of the failure to diagnose and treat Decedent's psychiatric condition.

29. As a direct and proximate result of the below-described negligent acts or omissions of Defendants, by themselves and/or by and through its employees and/or agents, Decedent suffered from worsening psychiatric conditions and wrongful death entitling him and his estate to an award of monetary damages pursuant to the Federal Tort Claims Act.

30. As a further direct and proximate result of the described negligent acts or omission of Defendants, by itself and/or by and through its employees and/or agents, Decedent and his estate incurred medical expenses thus entitling them to an award of monetary damages pursuant to the Federal Tort Claims Act.

## MEDICAL MALPRACTICE

31. All of the statements and averments in the preceding Paragraphs 1-30 are hereby incorporated by reference as if fully rewritten herein.

32. The acts and/or omissions set forth herein above would constitute a cognizable claim for medical malpractice under the laws of the State of Illinois.

33. Pursuant to 28 U.S.C. § 1346(b)(1), Defendant The United States of America is liable to Plaintiff, decedent, and decedents estate for damages he sustained as a direct and proximate result of the acts and/or omission set forth below.

## NEGLIGENCE

34. All of the statements and averments in the preceding Paragraphs 1-33 are hereby incorporated by reference as if fully rewritten here.

35. Defendants and its employees and/or agents had a duty to provide safe medical care to and be reasonably careful when providing medical treatment and/or psychiatric treatment to, Decedent and while detaining decedent. They also had a duty to properly monitor him and prevent his suicide. They also had a duty to ensure someone as suicidal as decedent did not have the means to commit and/or attempt suicide. Defendants failed at all of their duties and this was the cause of Decedent's death.

36. Defendants and its employees and/or agents had a duty to avoid causing injury to Decedent while he was under Defendants' care and had a duty to prevent avoidable harm to Decedent.

37. Defendants, by itself and/or by and through its employees and/or agents, failed to properly provide appropriate medical services, psychiatric care, and monitoring to Decedent, failed to recognize and adequately treat Decedent's condition, failed to take medically appropriate measures at a time when such medical care, treatment, and attention was required, and/or took medically inappropriate measures to address Decedent's condition.

38. Defendants, by itself and/or by and through its employees and/or agents, was negligent in rendering medical care and treatment to Decedent by, *inter alia*, failing to recognize and/or failing to timely treat Decedent.

## **WRONGFUL DEATH**

39. All of the statements and averments in the preceding Paragraphs 1-38 are hereby incorporated by reference as if fully rewritten herein.

40. The acts and/or omissions set forth herein above would constitute a cognizable claim for wrongful death under the laws of the State of Illinois.

41. Pursuant to 28 U.S.C. § 1346(b)(1), Defendant The United States of America is liable to Plaintiff, decedent, and decedents estate for damages he sustained as a direct and proximate result of the acts and/or omission set forth herein above.

## SURVIVAL

42. All of the statements and averments in the preceding Paragraphs 1-41 are hereby incorporated by reference as if fully rewritten herein.

43. The acts and/or omissions set forth herein above would constitute a cognizable claim for survival under the laws of the State of Illinois.

44. Pursuant to 28 U.S.C. § 1346(b)(1), Defendant The United States of America is liable to Plaintiff, decedent, and decedents estate for damages he sustained as a direct and proximate result of the acts and/or omission set forth herein above.

## PRAYER FOR RELIEF

**WHEREFORE,** on Count One set forth above, Plaintiff hereby prays that judgment be entered in her favor and against Defendant The United States of America as follows:

A. Past and future medical expenses, lost wages, pain and suffering, future impairment, loss of enjoyment of life;

B. Damages for wrongful death and survival allowed by Illinois law;

C. Pre- and/or post-judgment interest as allowed by law;

D. Reasonable costs incurred in bringing this action;

E. Reasonable attorneys' fees incurred in bringing this action; and,

F. Any and all other relief at law or in equity that this Court may deem just and proper to adequately compensate Plaintiff for the injuries in this matter.

Respectfully submitted,


*/s/ Thomas D. Robenalt*
THOMAS D. ROBENALT (#0055960)
JOHN P. COLAN (#0081778)
**THE ROBENALT LAW FIRM, INC.**
23550 Center Ridge Road, Suite 103
Westlake, OH 44145
Phone: (216) 223-7535
Fax: (216) 307-2352
Email: trobenalt@robenaltlaw.com
jcolan@robenaltlaw.com

*Attorneys for Plaintiff*

10